[Sac. No. 743.   Department Two.—September 13, 1900.]

J. ELLIS RODLEY and J. F. BARNES, Respondents, v. GEORGE LYONS, Appellant.

ATTACHMENT—DISSOLUTION—BILL OF SALE AS SECURITY FOR NOTE—WANT OF DELIVERY.—In an action upon a note, in which an attachment was issued and a motion was made to dissolve it on the ground that it was secured by a bill of sale of a stock of merchandise, evidence that the bill of sale was never delivered to nor accepted by the plaintiffs nor by anyone authorized to receive it, and that there was no delivery of possession of the merchandise, is sufficient to prove that the bill of sale never operated

as security for the note, and to sustain an order refusing to dissolve the attachment.

ID.—SETTING CAUSE FOR TRIAL—SUFFICIENCY OF NOTICE—DEFENDANT NOT PREJUDICED.—Where it was admitted upon the motion to discharge the attachment that the only defense to the action would be that the security given for the note should be first exhausted by foreclosure, and that if the attachment was dissolved judgment might be entered for plaintiff to save costs of another suit, the question of security being all that was involved, the defendant cannot be prejudiced by an order setting the case for trial within two days after settling the question of security against the defendant, instead of giving five days' notice of the trial.

ID.—NONAPPEARANCE OF DEFENDANT AT TRIAL—OBJECTION TO NOTICE—RECITAL IN JUDGMENT—CONSENT OF COUNSEL—CONCLUSIVE FINDING. Where the judgment recited that counsel for both parties agreed in open court on the hearing of the motion to dissolve the attachment that the cause should be peremptorily set for trial upon the decision of the motion, and was so set for two days thereafter at the time when the motion was denied, such recital is proper and necessary, in view of the nonappearance of the defendant at the trial, on account of objection to insufficiency of the notice of trial, and the finding so made in the judgment is conclusive.

APPEAL from a judgment of the Superior Court of Butte County and from orders refusing to dissolve an attachment and denying a new trial.  John C. Gray, Judge.

The facts are stated in the opinion.

Richard White, for Appellant.

Guy R. Kennedy, and Jo D. Sproul, for Respondents.

HAYNES, C.—Plaintiffs brought this action in the superior court upon a promissory note executed to them by the defendant, and caused a writ of attachment to be issued and levied upon certain personal property of the defendant.  A motion to dissolve the attachment was made by the defendant, and was denied by the court on June 24, 1899, on which day an order was made setting the cause for trial on June 26th and on the day last named, in the absence of defendant, a trial was had and the plaintiffs obtained judgment.  A motion for a new trial was made and denied, and defendant appeals: 1. From the order refusing to dissolve the attachment; 2. From the order

setting the case for trial; 3. From an order denying his mo-
tion for a new trial; and 4. From the judgment.

The defendant in said action was engaged in the business of
a harness maker and selling harnesses, saddles, whips, etc., in
Chico, and his stock was supposed to be of the value of about
one thousand dollars.   On the evening of March 24, 1899, his
goods were attached by a creditor, the amount due, including
costs and sheriff's fees, being four hundred and twenty-seven
dollars.   Defendant, desiring to pay the demand and have his
property released, applied to the plaintiffs for a loan of said
amount, and offered to execute a bill of sale upon his said
property to secure them.   They thereupon went to an attorney's
office to have the papers prepared.   A promissory note for said
sum, due one day after date, payable to the plaintiffs, and a
bill of sale of the stock of goods, were prepared, and signed by
the defendant, and plaintiffs each drew a check for one-half
of said sum.   The checks were delivered to the sheriff, who
thereupon released the attachment.

On April 17th another creditor of defendant Lyons levied an
attachment upon the same stock of goods upon a demand for
the sum of one hundred and fifty dollars, and thereupon plain-
tiffs brought this action and procured an attachment to issue
and to be levied on the same goods, subject to the prior at-
tachment.   Plaintiffs' affidavit upon which the writ of attach-
ment was based stated, after setting out the indebtedness, "that
the payment of the same has not been secured by any mort-
gage or lien upon real or personal property, or any pledge of
personal property."   This statement defendant contends was
not true; that the plaintiffs had security by a pledge of the
personal property effected by the bill of sale and possession
taken thereunder.

In the brief statement we have made of the transaction at
the attorney's office it will be observed that it is only said that
the bill of sale was signed by the defendant.   That was about
as much as could be stated of what then occurred without en-
tering the domain of disputed facts.   The affidavits used on
the hearing cover eighty-three pages of the transcript, and as
to all material facts averred by either side, except those above
stated, are either explained away by the other side or met by

a flat contradiction, and a decision by the court below either way would necessarily be affirmed here, whatever might be our opinion as to the weight of the evidence or the credibility of the witnesses. It is sufficient to say that there was evidence that Kennedy, the attorney who drew up the papers, was asked by plaintiffs whether a bill of sale would be security, and that he replied that it was no security unless they took and held possession of the goods; that Rodley stated that the security was no good, and started to leave the office; that defendant said that he owed little, that forty dollars would cover all his other indebtedness, and Rodley then consented to make the loan; that the plaintiffs did not read or examine the bill of sale, that it was not delivered to them, that it was lying on the table and defendant told Kennedy to put it in his drawer. There was also evidence to the effect that plaintiffs requested Kennedy to put the note in the bank, and that Lyons, the defendant, was told to make payments to the bank as he could spare the money, and that it was expected that he could close the matter up by the next October. Barnes, one of the plaintiffs, testified that he never saw a bill of sale signed by Lyons; that if it was signed it was never delivered to either of the plaintiffs, nor to any agent of theirs, and no one was authorized to receive it. It is quite clear that if the bill of sale was never delivered or accepted it never operated as any security to plaintiffs. It might well be that relying on defendant's statement that all his other debts did not exceed forty dollars, that they did not desire to interfere with his business by taking possession, and so did not accept the bill of sale, and the direction that the note be placed in the bank, where the defendant could make payments upon it as he could spare the money, implied that he was to remain in possession and continue his business as before, a fact inconsistent with the advice of the attorney and of their probable action if they had accepted the bill of sale. I think, therefore, that there was evidence sufficient to sustain the action of the court in refusing to dissolve the attachment, and that his order in that behalf should be affirmed.

2. The order denying the motion to dissolve the attachment was made on June 24th, and on that day, in the absence of the defendant and without his consent, the cause was set down to

be tried on the 26th. Notice thereof was served upon defendant the same day, and defendant admitted service "with all rights reserved, and without waiving right to object to insufficient notice of setting the case for trial."

By an act approved February 14, 1899 (Stats. 1899, p. 5), section 594 of the Code of Civil Procedure was amended by adding thereto the following: "Provided, however, if the issue to be tried is an issue of fact, proof must be first made to the satisfaction of the court that the adverse party has had five days' notice of the trial."

In the notice of appeal it was stated that said order setting the case for trial was appealed from, apparently as an independent appeal, but it is included in the notice of motion for a new trial as one of the grounds of said motion, and, indeed, is the only ground appearing in the record upon which a new trial was sought, and will be so considered.

The judgment recites that the motion to dissolve the attachment was heard on June 20th; that counsel for both parties agreed that day, in open court, that the cause should be peremptorily set for trial upon the decision of the motion to dissolve the attachment, and was so set at the time the motion was denied.

Defendant's attorney, in his affidavit filed on his motion for a new trial, states that on June 20th, at the time of the hearing of the motion to dissolve the attachment, the court suggested that counsel consent to a trial at that time, so that the whole matter could be heard together; that he objected to a summary hearing, or having the cause set for the next day, and in reply to plaintiffs' counsel stated that he was willing to admit that the note had been executed as alleged, but that it was secured, and the action brought was not the proper action, but that the security should first be exhausted by foreclosure; and in the affidavit of defendant as to what his counsel said he used this language: "That if his motion for the dissolution of the attachment was so decided (in his favor) he would consent to a judgment being entered for plaintiffs, as the question of security was all that was involved, and when that was settled defendant would have no other defense to the note, and a judgment might then be entered to save costs of another suit."

The question whether plaintiffs at any time held security for the payment of the note having been settled by the decision upon the motion, it is quite clear from the above statement that the defendant was not injured by a trial of the case upon two days" notice instead of five. But the recital in the judgment, as we have seen, conflicts with counsel's statement, and this recital was proper and necessary in view of the nonappearance of the defendant at the trial; and this finding is conclusive. The order setting the cause for trial being the only ground of the motion for new trial, the order denying that motion should be affirmed. No other errors are suggested or urged, and we find none affecting the judgment.

It is therefore advised that the judgment and orders appealed from be affirmed.

Gray, C., and Chipman, C., concurred,

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.